```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
  JOSEPH R. PETTY, IV,                                     :
                                                           :
                          Plaintiff,                       :
                                                           :
                - against -                                :  18-cv-6530 (BMC) (RER)
                                                           :
  THE PEOPLE OF THE STATE OF NEW                           :
  YORK, CAROL SIEGAL, SCOTT DAVIS,                         :
  and RUSSELL ROTHBERG,                                    :
                                                           :
                          Defendants.                      :
                                                           :
----------------------------------------------------------- X
                                                           :
  JOSEPH PETTY, IV,                                        :
                                                           :
                          Plaintiff,                       :
                                                           :  18-cv-6793 (BMC) (RER)
                - against -                                :
                                                           :
  LAUREN PARSON, SCOTT DAVIS,                              :
  RUSSELL ROTHBERG, CAROL SEIGAL,                          :
  RICHARD BROWN, RICHARD BUCHTER,                          :
  and V.C.B.C.,                                            :
                                                           :
                          Defendants.                      :
----------------------------------------------------------- X
```

## MEMORANDUM DECISION AND ORDER

**COGAN, District Judge.**

Plaintiff *pro se* filed these actions under 42 U.S.C. § 1983 for claims related to his incarceration at the Vernon C. Bain Center (the "VCBC") on Rikers Island. For the reasons stated below, both cases are dismissed.

## BACKGROUND

The following allegations are taken from the complaints in these two actions. Plaintiff alleges that he was arrested and "carried off to jail away from [his] private life of happiness." He also claims that his "liberty has been waived from the court appointed attorneys" against his will and that his attorney "waived [his] appearance to [the] grand jury."

In the action docketed under docket number 18-cv-6530, plaintiff sues the People of the State of New York and his defense counsel in his criminal prosecution.[1] In the action docketed under docket number 18-cv-6793, plaintiff sues attorneys involved in his criminal prosecution, the VCBC, and some otherwise unidentified person named Richard Butcher. Plaintiff seeks freedom, reunification with his family, and unspecified compensation for his losses.

## DISCUSSION

### I. Standard of Review

*Pro se* litigants' submissions are construed liberally. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

---

[1] The complaint is internally inconsistent regarding the identity of defendants. The caption of the complaint only includes the People of the State of New York as a defendant. But when listing the defendants in the action, the complaint only lists plaintiff's defense counsel. For purposes of this order, the defendants in this action include the People of the State of New York and the three defense counsel (Carol Siegal, Scott Davis, and Russell Rothberg). The complaint in the other proceeding spells Carol Siegal as "Carol Seigal" but this order will use the former "Siegal".

## II. *In Forma Pauperis*

An incarcerated plaintiff seeking to proceed *in forma pauperis* must submit, among other things, a Prisoner Authorization form. 28 U.S.C. § 1915. "Failure to do so is grounds for dismissal of an incarcerated plaintiff's complaint." Sanders v. United States, No. 17-CV-3593, 2018 WL 3148348, at *2 (E.D.N.Y. June 27, 2018).

In both actions, plaintiff applied for *in forma pauperis* status but initially failed to submit a Prisoner Authorization form. The Court notified plaintiff of the deficiency and gave him 14 days to return the form in both actions. Plaintiff then provided the Prisoner Authorization form in the action docketed under docket number 18-cv-6530, so his request to proceed *in forma pauperis* is granted for that action.

In the action docketed under docket number 18-cv-6793, the Court mailed the notice of the deficiency on November 29, 2018, but plaintiff has failed to submit the Prisoner Authorization form. In other circumstances, the Court would allow plaintiff the opportunity to proceed with the action provided the plaintiff either pays the filing fee or submits the Prisoner Authorization form. But here, as noted below, plaintiff's claims in both actions are dismissed on the merits.

## III. Claims Against Prosecutors

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal citations and quotation marks omitted). A "prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [the prosecutor] proceeds in the clear absence of all jurisdiction." Id. at 237 (internal quotation marks omitted).

Plaintiff brings claims against two prosecutors, Richard Brown and Lauren Parson. The claims against Brown and Parson appear to arise from their role as prosecutors in plaintiff's prosecution and the complaint does not allege any facts showing that they acted in the clear absence of jurisdiction. Accordingly, the claims against Brown and Parson are dismissed.

### IV. Claims Against Defense Attorneys

"[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). Accordingly, the claims against Carol Siegal, Scott Davis, and Russell Rothberg – the court-appointed attorneys who represented plaintiff during his criminal prosecution – are dismissed.[2]

### V. Claims Against Richard Butcher

The caption of the complaint docketed under docket number 18cv6793 includes Richard Butcher as a defendant, but the complaint does not otherwise reference Butcher, explain his role in any alleged wrongdoing against plaintiff, or include any allegations against Butcher. The claims against Butcher are dismissed.

### VI. Claims Against the People of the State of New York

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment, by its terms, does not bar federal courts from hearing suits brought against a State by its own citizens, the Supreme Court "has

---

[2] Even if these defendants served as privately-retained counsel, rather than court-appointed counsel, they "still could not be held liable under § 1983 because there was no showing that [they] worked with state officials to deprive" plaintiff of his rights. McCloud v. Jackson, No. 00–31, 2001 WL 99820, at *1 (2d Cir. Feb. 2, 2001).

consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (quoting Edelman v. Jordan, 415 U.S. 651, 662–63 (1974)). This immunity bars suits against the People of the State of New York. McCloud v. Jackson, 4 F. App'x 7, 2001 WL 99820, at *2 (2d Cir. 2001).

Plaintiff's claims against the People of the State of New York are therefore dismissed.

### VII. Claims Against the VCBC

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396. New York City Department of Correction facilities are "consequently not suable entities." Rivera v. Rikers Island, C-74, No. 02-cv-1560, 2004 WL 1305851, at *1 (S.D.N.Y. May 13, 2004).

A municipality can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury …." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).

Plaintiff attempted to sue the VCBC, the New York City Department of Correction facility where he is detained. Because the VCBC is not a suable entity, these claims are dismissed. Even if construed as a Monell claim against the municipality, the claims are still dismissed because plaintiff has failed to allege that he suffered a constitutional deprivation attributable to a municipal policy or custom.

## CONCLUSION

The complaint filed under docket number 18-cv-6530 and the complaint filed under docket number 18-cv-6793 are both dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                          U.S.D.J.

Dated: Brooklyn, New York
       January 2, 2019